IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK BROWN,

    Plaintiff,

vs.

Case No. 09-1351-JTM

ST. XAVIER SCHOOL DISTRICT,

    Defendant.

ORDER

This motion is before the undersigned on two motions by plaintiff Mark Brown. First, Brown seeks a Clerk's Entry of Default (Dkt. No. 4) under Fed.R.Civ.Pr. 55(a). Second, Brown has filed a Motion for Default Judgment (Dkt. No. 6) under Rule 55(b)(1). Both motions were filed December 11, 2009, shortly after the deadline for defendant St. Xavier School District to respond to Brown's Complaint, which was filed on November 10, 2009 and served on November 16.

The Motion for Clerk's Entry of Default is hereby granted. Rule 55(a) provides that default may be granted when a party "fail[s] to plead or otherwise defend as provided by these rules." Here, the defendant has filed an Answer, but has not done so in the timely manner provided by the Federal Rules of Civil Procedure. Generally, to avoid default, a defendant must serve an answer within twenty days after being served with the summons and complaint. See Fed.R.Civ.P. 12(a); Fed.R.Civ.P. 55(a).

The Motion for Default Judgment is denied. This motion is submitted under Rule 55(b)(1), which permits a clerk to enter default judgments only under limited circumstances. First, it is available only where the claim is for "a sum certain." Second, it is available only against a party who has "defaulted for failure to appear."

Neither circumstance is present here. The affidavit in support of default judgment merely cites the "in excess of $75,000.00" amount in controversy. A claimant under Rule 55(b)(1) must show not only that a specific amount is requested, but that it is reasonable. *See Patray v. Northwest Publishing*., 931 F.Supp. 865, 869 (D.C. Ga. 1996). A generalized statement of the amount to be recovered is insufficient. *Anderson v. United States*, 182 F.2d 296 (1st Cir. 1950).

Further, the "failure to appear" standard for default judgment under Rule 55(b)(1) is higher than the standard set forth for mere default in Rule 55(a). The standard applies only to "parties who have never appeared in the action," with the result that "default judgment only should be entered by the clerk as a matter of course when defendant clearly has defaulted and has displayed no interest in participating in the action." 10A Wright, Miller, & Kane, *Fed. Prac. & Proc. Civil 3d*, § 2682, at 24-25 (1998). Here the Answer of the defendants, although untimely, demonstrates an interest in participating in the action. *See Otis Elevator Co. v. Mayfair Renaissance Assoc's*, No. 90-3577, 1990 WL 191944 (E.D.Pa. 1990) (holding that "although defendants' answer is untimely, the defendants had appeared for purposes of Rule 55(b)(1)").

IT IS ACCORDINGLY ORDERED this 16th day of December, 2009 that plaintiff's Motion for Clerk's Entry of Default (Dkt. No. 4) is granted; his Motion for Default Judgment (Dkt. No. 6) is denied.

                    TIMOTHY M. O'BRIEN
                    Clerk of Court

                    By s/ S. Smith
                       Courtroom Deputy